IN THE UNITED DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
Charleston Division

KATHY APPLETON, RANDY )
FLORA, MARK L. GARCIA, )
MICHAEL HARSHBARGER, )
ERNEST HOWARD, TAMELA )
HOWARD, TABITHA JENKINS- )
KNIGHT, CONNIE M. POTTS, )
RHONDA ROBINSON, MARTHA )
M. ROOF-FOUNTAIN, SHEILA )
SATTERTHWAITE, and )
KATHERINE SIPPO, )
                  )
       Plaintiffs, )
                  )
vs.                      )   C.A. No.  2:13-cv-282-CWH
                  )
                  )   JURY DEMAND
DOLLAR TREE STORES, INC., )
                  )
       Defendant. )
                  )

## COMPLAINT

1.    This is a suit for unpaid wages and related relief which the defendant owes the plaintiffs pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

2.    The action arises under 29 U.S.C. §206 and § 207 and 216(b). This Court has jurisdiction under 29 U.S.C. § 216(b) and 28 U.S.C. 1331. Venue is proper in this district under 28 U.S.C. § 1391(b).

3a.    Plaintiff Kathy Appleton is or was a resident of Lexington, South Carolina. At all times material to this action, she was employed by defendant as a store manager in South Carolina.

b.    Plaintiff Randy Flora is or was a resident of Clover, South Carolina. At all times material

1

to this action, she was employed by defendant as a store manager in South Carolina.

c.     Plaintiff Mark L. Garcia is or was a resident of Summerville, South Carolina. At all times material to this action, he was employed by defendant as a store manager in South Carolina.

d.     Plaintiff Michael Harshbarger is or was a resident of Conway, South Carolina. At all times material to this action, he was employed by defendant as a store manager in South Carolina.

e.     Plaintiff Ernest Howard is or was a resident of Lexington, South Carolina. At all times material to this action, he was employed by defendant as a store manager in South Carolina.

f.     Tamela Howard is or was a resident of Timmonsville, South Carolina. At all times material to this action, she was employed by defendant as a store manager in South Carolina.

g.     Tabitha Jenkins-Knight is or was a resident of Spartanburg, South Carolina. At all times material to this action, she was employed by defendant as a store manager in South Carolina.

h.     Connie M. Potts is or was a resident of Blacksburg, South Carolina. At all times material to this action, she was employed by defendant as a store manager in South Carolina.

i.     Rhonda Robinson is or was a resident of Mt. Pleasant, South Carolina. At all times material to this action, she was employed by defendant as a store manager in South Carolina.

j.     Martha M. Roof-Fountain is or was a resident of Williston, South Carolina. At all times material to this action, she was employed by defendant as a store manager in South Carolina.

k.     Sheila Satterthwaite is or was a resident of Barnwell, South Carolina. At all times material to this action, she was employed by defendant as a store manager in South Carolina.

l.     Katherine Sippo is or was a resident of Spartanburg, South Carolina. At all times

2

material to this action, she was employed by defendant as a store manager in South Carolina.

4.    At all times material herein, each plaintiff was an employee as defined by 29 U.S.C. § 203(e)(1), employed by defendant.

5.    The plaintiffs bring this action on behalf of themselves, as authorized by 29 U.S.C. § 216(b). They join together in this suit, as authorized by Rule 20, Fed. R. Civ. P., because each seeks relief arising out of a series of transactions or occurrences, as set forth below, and common questions of law or fact will arise in this action.

6.    Each plaintiff has consented to and affirmatively timely opted into a prior case against this defendant - *Knott, et al. vs. Dollar Tree Stores, Inc*, Civil Action No. 7:06-cv-01553-LSC(N.D.Ala.). The *Knott* case was conditionally certified on April 12, 2007 and was decertified by the District Court on September 19, 2012. On November 2, 2012, the Court dismissed the opt-in plaintiffs without prejudice. The Court further invoked its equity powers to toll the applicable statutes of limitations for ninety (90) days from November 2, 2012. See Exhibit 1. Therefore, the Plaintiffs' statute of limitations period is tolled until January 31, 2013. Plaintiffs' consent to suit are attached hereto (See Exhibit 2 (personal information deleted from this public filing)).

7.    Defendant is a corporation chartered under the laws of another state and conducting business in the State of South Carolina. Among other activities, it operates numerous retail stores in South Carolina and elsewhere, including the stores where Plaintiffs were employed.

8.    Defendant is, and at all times material to this action was, an enterprise engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. § 203(s)(1).

9.    At all times material to this action, Defendant was the "employer" of each Plaintiff as

3

defined by 29 U.S.C. §203(d).

10. Defendant operates many or all of its stores, including the stores where Plaintiffs were employed, according to a uniform and highly structured business model in which each store's operations and employees are tightly regulated.

11. As part of this structure, each of Defendant's stores employs a person designated as Store Manager. Notwithstanding this title, the Store Manager performs only negligible managerial functions, but instead has primarily non-managerial duties.

12. By virtue of the title, Defendant claims the Store Manager is an "exempt employee" not covered by the minimum wage or overtime pay provisions of 29 U.S.C. §§ 206 and 207.

13. Defendant knows full well that the duties typically performed by its Store Managers do not qualify for the FLSA exemption it claims.

14. By virtue of claiming this exemption, Defendant does not pay its Store Managers overtime wages when they work more than 40 hours in a week, even though Defendant knows that its typical Store Managers virtually always work more than 40 hours almost every week, usually more than 40.

15. This is the situation in which Plaintiffs found themselves. At all times material to this action, each Plaintiff worked as a Store Manager for Defendant.

16. Each Plaintiff, as Store Manager, was automatically classified by Defendant as an exempt employee under FLSA, based solely on the title, without more. As such, each Plaintiff was paid a fixed salary irrespective of the hours worked, which almost always far exceeded 40 hours in a week.

17. In fact and in law, Plaintiffs should have been classified as non-exempt employees

4

because of the actual nature of their jobs.

18.     As Store Managers, Plaintiffs' managerial duties were minimal at most, especially compared to other job duties which they had to perform and did perform.

19.     Each Plaintiff's job was characterized by some or all of the following:

Nearly all work time was spent performing non-managerial functions, including, but not limited to the following: running the cash register, unloading trucks, stocking the shelves, sweeping the floors, cleaning the bathroom, sweeping the parking lot, counting inventory, pulling old stock off of the shelves, etc.

b.     Primary duty did not consist of the management of the store; rather, that responsibility was left to the Store Manager's District Manager or other supervisors, or rigidly controlled by "Corporate" rules and regulations.

c.     No authority to hire and fire assistant managers, nor authority to promote, give pay raises or discipline hourly employees without authority from the District Manager, nor were recommendations given particular weight.

d.     No customary or regular exercise of discretion.

20.     <u>Cause of Action</u>.  Based on all the foregoing, Defendant has violated the Fair Labor Standards Act with respect to each Plaintiff, and is indebted to each Plaintiff for unpaid overtime wages, plus unpaid minimum wages for such times as the overtime hours were so great as to bring the hourly rate below that of legal minimum wage.

21.     <u>Willfulness and lack of good faith</u>.  Defendant has been well aware for many years that its business model, customary practices, and specific facts relating to job duties precluded its claim that Store Managers are exempt employees.  Defendant has ignored its own knowledge of the

5

facts and awareness of the law by continuing to claim the exemption, to the injury of the Plaintiffs.

22.     Because of its knowledge and conduct, Defendant is ineligible to claim any good faith exemption from liquidated damages.

23.     Likewise, because Defendant's conduct has been willful, in general and with regard to the Plaintiffs, it is ineligible to claim the shorter statute of limitations.

24.     Relief. WHEREFORE, Plaintiffs pray for the following relief:

    a.     Unpaid minimum wage and overtime compensation, an equal amount of liquidated damages, attorneys' fees, and costs pursuant to 29 U.S.C. §216(b);

    b.     Such other relief as may be appropriate.

25.     Plaintiffs demand trial by jury.

Respectfully submitted,

_s/Armand Derfner_____
Armand Derfner, Bar No. 502
Derfner, Altman & Wilborn, LLC
575 King Street, Suite B (29403)
P.O. Box 600
Charleston, SC 29402

OF COUNSEL:

WIGGINS, CHILDS, PANTAZIS & QUINN, LLC
Gregory O. Wiggins
Kevin W. Jent
The Kress Building
301 19th Street North
Birmingham, AL 35203

*Attorneys for the Plaintiffs*